# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**STACI-JO BARNES and ENA BARNES,**

            **Plaintiffs,**

v.                                          **Case No.  6:19-cv-1428-Orl-37GJK**

**FEDERAL COMMUNICATION COMMISSION,**
**FEDERAL BUREAU OF INVESTIGATION, and**
**NATIONAL SECURITY AGENCY,**

            **Defendants.**

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)** |
| **FILED:** | August 2, 2019 |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED and the Complaint be DISMISSED WITH PREJUDICE**.

On August 2, 2019, pro se plaintiffs Staci-Jo Barnes and Ena Barnes ("Plaintiffs") filed a Complaint alleging that the Federal Communications Commission, the Federal Bureau of Investigation, and the National Security Agency (collectively, "Defendants") are wiretapping their home, hacking their computers, installing cameras in their home, tampering with their mail, and then disclosing the information obtained from these activities to third parties. Doc. No. 1.

Plaintiffs also allege that Defendants prevented them from receiving their motion to dismiss in an earlier litigation. *Id.* at 5. Also on August 2, 2019, Staci-Jo Barnes filed an Application to Proceed in District Court Without Prepaying Fees or Costs (the "Motion").[1] Doc. No. 2.

This is the third complaint that Staci-Jo Barnes has filed based on these same allegations. On April 12, 2017, the Court granted Defendants' motion to dismiss and dismissed the case without prejudice in *Staci-Jo Barnes-Velez, Harold Velez, and Ena Barnes v. Federal Communication Commission, Federal Bureau of Investigation, and National Security Agency*, Case No. 6:16-cv-1585-18TBS, Doc. No. 20. On August 30, 2018, the Court dismissed the complaint without prejudice due to it being frivolous in *Staci-Jo Barnes-Velez, Harold Velez, and Ena Barnes v. Federal Communication Commission, Federal Bureau of Investigation, and National Security Agency*, No. 6:18-cv-634-Orl-18GJK, Doc. Nos. 8, 14.

## I.   APPLICABLE LAW

The United States Congress requires the district court to review a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim. 28 U.S.C. § 1915.[2] The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>    (A) the allegation of poverty is untrue; or
>    (B) the action or appeal --
>        (i)  is frivolous or malicious;
>        (ii) fails to state a claim on which relief
>             may be granted; or

---

[1] Only Staci-Jo Barnes signed the Motion. Doc. No. 2 at 3.
[2] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 4.07(a).

2

>> (iii) seeks monetary relief against a defendant who is immune from such relief.

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. Pursuant to Local Rule 4.07(a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

### A.     Discretion Under 28 U.S.C. § 1915

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous. *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts to prosecute an action that is totally without merit. *Phillips*, 746 F.2d at 785*; Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

### B.      Frivolous and Malicious Actions Under 28 U.S.C. § 1915(e)(2)(B)(I)

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark*, 915 F.2d at 639. The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong. *Id.* A district court should order a Section 1915 dismissal only when a claim lacks an arguable basis in law. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Claims may lack an arguable basis in law because of either factual or legal inadequacies. *Id.*

Legal theories are frivolous when they are "indisputably meritless." *Neitzke*, 490 U.S. at 329. Section 1915 authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist." *Id.* at 327. A complaint is also frivolous where it asserts factual allegations that are "clearly baseless," which, in turn, encompasses allegations that are "fanciful," "fantastic," and "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke*, 490 U.S. at 325, 327-28).

## II.     ANALYSIS

Plaintiffs allege that Defendants illegally wiretapped their cell phones and home phones, illegally hacked their computers and tablet, and installed cameras in their home. Doc. No. 1 at 3. They contend that these actions violate the First, Fourth, and Fourteenth Amendments, the Privacy Act of 1974, the Patriot Act, the Electronic Communications Privacy Act, the Wiretap Act, and the FISA Act. *Id.* at 3, 4, 6. Plaintiffs then allege that Defendants illegally disclosed the information they gained from these activities to the media and Plaintiffs' fellow church members, neighbors, friends, and acquaintances. *Id.* at 5.

As with the previous complaints, there are two reasons why this Complaint should be dismissed. First, it violates Federal Rule of Civil Procedure 8, as it does not contain a short and plain statement that establishes a right to relief. Plaintiffs fail to specify the individuals that committed the wiretapping, hacking, installation of cameras, and disclosures of information or the dates when these actions occurred. Plaintiffs do not allege how Defendants prevented her from receiving the motion to dismiss or hindered her efforts to obtain a lawyer. As United States District Judge Kendall G. Sharp stated in the order dismissing the 2016 case, "The Complaint is devoid of allegations from which the Court could reasonably infer how the Federal Defendants plausibly violated the . . . Plaintiffs' legal and constitutional rights under any viable legal theory." Case No. 6:16-cv-1585-18TBS, Doc. No. 20 at 4.

Second, the Complaint is frivolous. The allegations in the Complaint are fanciful, fantastic, and delusional. Among other things, Plaintiffs allege that Defendants installed cameras and listening devices in their home, and then disclosed Plaintiffs' activities to the mass media. Doc. No. 1 at 5. Plaintiffs then state their "protected medical history, life story and private conversations were used as material to develop the characters and plots of a number of films and movies." *Id.*

As the Complaint is frivolous and fails to comply with Federal Rule of Civil Procedure 8, and this is Staci-Jo Barnes's third attempt to assert a claim against the same Defendants based on the same allegations, it is recommended that the Motion be denied and the Complaint be dismissed with prejudice. *See Lucas v. USAA Cas. Ins. Co.*, 716 F. App'x 866, 870 (11th Cir. 2017) (failure to fix pleading deficiencies by fourth amended complaint demonstrated "that further amendment would be futile."); *Haygood v. Orange Cty. Pub. Sch.*, No. 6:16-CV-2105-

ORL-37GJK, 2017 WL 4242035, at *3 (M.D. Fla. Sept. 25, 2017) (dismissing pro se plaintiff's claims against particular defendant with prejudice when plaintiff repeatedly failed "to cure the defects noted in the Court's previous Orders and because she cannot make out a federal cause of action . . . .").

### III. CONCLUSION

Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **DENY** the Motion (Doc. No. 2);
2. **DISMISS** the Complaint with prejudice; and
3. Direct the Clerk to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on August 20, 2019.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Presiding District Judge
Unrepresented party