UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

STACY-JO BARNES; and

ENA BARNES,

    Plaintiffs,

v.                                                                                               Case No. 6:19-cv-1428-Orl-37GJK

FEDERAL COMMUNICATION
COMMISSION; FEDERAL BUREAU OF
INVESTIGATION; and NATIONAL
SECURITY AGENCY,

    Defendants.
_____

## **ORDER**

Plaintiffs, proceeding *pro se*, allege that Defendants wiretapped their phones, hacked their computers, tampered with their mail, installed cameras in their home, and disclosed information found through this surveillance to third parties, including the media and Plaintiffs' friends. (Doc. 1 ("**Complaint**").) This is the third time that Plaintiffs have filed a complaint against Defendants regarding these allegations. *See Barnes v. FCC, FBI, and NSA*, No. 6:16-cv-1585-Orl-18TBS; *Barnes v. FCC, FBI, and NSA*, No. 6:18-cv-634-Orl-18GJK. Plaintiffs' Complaint mentions violations of various constitutional

amendments, the Privacy Act of 1974, the Patriot Act, the Electronic Communications Privacy Act, and the Wiretap Act. (Doc. 1.) Plaintiffs also allege numerous torts, including invasion of privacy, misappropriation, and slander. (*Id.*)

Plaintiff filed a motion to proceed *in forma pauperis* (Doc. 2 ("**IFP Motion**")), triggering a review of the Complaint under 28 U.S.C. § 1915(e)(2)(B). On referral, U.S. Magistrate Judge Gregory J. Kelly recommended that: (1) Plaintiffs' IFP Motion be denied; and (2) Plaintiffs' Complaint be dismissed with prejudice. (Doc. 8 ("**R&R**").) Specifically, Magistrate Judge Kelly determined that Plaintiffs' allegations were frivolous and failed to state a claim under Federal Rule of Civil Procedure 8. (*Id.*) Plaintiffs object to the R&R. (Doc. 11.) On review, the Court finds that the R&R should be adopted in part and rejected to the extent it recommends dismissing the Complaint with prejudice.

I. LEGAL STANDARDS

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues based on the record independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990).

II. ANALYSIS

Before a plaintiff may proceed *in forma pauperis*—as Plaintiff seeks to do in this case (*see* Doc. 2)—the court must review the complaint to determine whether it is frivolous,

2

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2).

A dismissal under § 1915 for failure to state a claim upon which relief may be granted is governed by the same standard as dismissal under Federal Rule of Procedure 12(b)(6). *Weakley v. Connolly*, 714 F. App'x 972, 973 (11th Cir. 2018); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6) . . . .").

To survive dismissal, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In testing the sufficiency of a complaint, courts do not consider other matters outside the four corners of the pleading and must: (1) disregard conclusory allegations, bald legal assertions, and formulaic recitation of the elements of a claim; (2) accept the truth of well-pled factual allegations; and (3) view well-pled facts in the light most favorable to the plaintiff. *See Hayes v. U.S. Bank Nat'l Ass'n*, 648 F. App'x 883, 887 (11th Cir. 2016); *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

Plaintiffs contend that they have facts and evidence to support their Complaint but have failed to provide those facts. (*See* Docs. 1, 11.) For example, Plaintiffs allege that they "have substantial evidence of the surveillance cameras installed in their cable boxes" and of "medical history being posted on the Internet by federal defendants." (Doc. 11, p. 1–2.) Although Plaintiffs are not required to put forth evidence at this stage, Plaintiffs' allegations, as they currently stand, are not plausible on their face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 ("A claim has facial plausibility when the plaintiff pleads factual content

3

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The Court is unable to draw a reasonable inference of misconduct from Plaintiffs' Complaint, and additional factual allegations are necessary to push the Complaint beyond mere conclusions and into plausibility.

However, as Plaintiffs are proceeding *pro se*, the Court will provide Plaintiffs one final opportunity to file an amended complaint that adequately establishes that Plaintiffs have a plausible, non-frivolous claim. Before doing so, Plaintiffs are encouraged to consult the resources available to *pro se* litigants on the Court's website.[1] Plaintiffs should also take advantage of the in-person legal information program, which is provided free of charge and administered every Tuesday from 11:00 a.m. to 12:30 p.m. at the George C. Young U.S. Courthouse, 401 W. Central Blvd., Orlando, Florida 32801.[2] Contact information is located on the Court's website, http://www.flmd.uscourts.gov/.

### III. CONCLUSION

Having conducted an independent, de novo review of the portions of the record to which Plaintiffs objected, the Court agrees with the findings and conclusions set forth in the R&R. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Objection to Report and Recommendation (Doc. 11) is **OVERRULED**.

2. U.S. Magistrate Judge Gregory J. Kelly's Report and Recommendation

---

[1] http://www.flmd.uscourts.gov/litigants-without-lawyers.
[2] http://www.flmd.uscourts.gov/legal-information-program.

4

(Doc. 8) is **REJECTED** to the extent it recommends dismissing the Complaint with prejudice; all else is **ADOPTED, CONFIRMED**, and made a part of this Order.

3. The Clerk is **DIRECTED** to terminate Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2).

4. On or before Tuesday, **September 24, 2019**, Plaintiff may file an amended complaint correcting the deficiencies identified in the Report and Recommendation (Doc. 8) as well as file a renewed motion for leave to proceed *in forma pauperis*. Failure to timely file will result in the closure of this action without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 10, 2019.



ROY B. DALTON JR.
United States District Judge

Copies to:
*Pro se* party